Sweeney & Co., Inc. v. Commissioner.
Sweeney & Co. v. Commissioner
Docket No. 3374.
United States Tax Court
1948 Tax Ct. Memo LEXIS 241; 7 T.C.M. (CCH) 121; T.C.M. (RIA) 48022; February 27, 1948
Gilbert M. Denman, Esq., 215 W. Commerce St., San Antonio, Tex., A. N. Moursund, Esq., James H. Yeatman, Esq., and Ben F. Irby, C.P.A., 1522 Alamo Nat. Bldg., San Antonio, Tex., for the petitioner. John W. Alexander, Esq., for the respondent. TURNER Memorandum Findings of Fact and Opinion TURNER, Judge: The respondent determined a deficiency in income tax against the petitioner for 1941 in the amount of $17,636.91. In reporting its 1941 income, the petitioner took its inventory on the elective or last-in, first-out method, as provided in section 22(d) of the Internal Revenue Code, and the correctness of that action presents the only issue in the case, the parties having stipulated the amount of petitioner's closing *242 inventory thereunder. Findings of Fact The petitioner is a Texas corporation, with its principal place of business in San Antonio. It filed its 1941 income tax return, which was prepared on the accrual basis, with the Collector of Internal Revenue for the First District of Texas. The petitioner is engaged in the wholesale grocery business. In addition to its principal establishment in San Antonio, it operates branches in Austin, Corpus Christi and Gonzales. The petitioner operates under a merchandising plan known as a "Red and White" distributor plan. In general, the plan provides for serving and supplying retail stores associated, and operating under the "Red and White" trade name and which are owned by others. The purpose of the plan is to make available to the retail stores, through one wholesale distributor, the collective buying power of the associated retail stores. The petitioner carries a complete line of merchandise for sale to the associated retail stores located in its sales territory. Such merchandise includes canned goods, dried fruits, dried vegetables, dried meats, certain household utilities and related articles, as well as other articles usually sold by retail *243 stores operating in rural communities. Merchandise is arranged in petitioner's warehouses according to items which move out first and most often. As a general rule new merchandise coming into the warehouse is placed in such a location that the older merchandise is moved out first to the stores. Each day merchandise is moved from the warehouses to the stores in which a fairly constant quantity of merchandise is maintained at all times. The complete inventory in the warehouses turns over eight or ten times a year and the merchandise on hand at the end of the year is not, aside from limited exceptions, the same merchandise that was on hand at the beginning of the year. Prior to 1941 the inventories used by petitioner in determining the cost of goods sold were taken on the basis of cost determined by the first-in, first-out method. With its income tax return for 1941 the petitioner filed United States Treasury Form 970 (an application for adoption and use of the elective method of inventory provided under section 22 (d) of the Internal Revenue Code), thereby seeking to adopt the last-in, first-out method of inventorying its merchandise, as provided in that section *244 of the Code (sometimes hereafter referred to as the Lifo method) as of the close of the taxable year ended December 31, 1941. The application related to all of petitioner's goods subject to inventory in the four warehouses. In the computation of the cost of goods sold, as reported in its 1941 income tax return, the petitioner used an opening inventory of $384,185.70 which was taken at cost and as to which no question is here presented. The petitioner used a closing inventory of $461,569.33 which it was stated on the return was taken by the Lifo method. In determining the deficiency involved herein, the respondent held that the method employed by petitioner in valuing the closing inventory was not in accordance with provisions of section 22 (d) of the Code. Accordingly, he denied petitioner the use of the Lifo method and determined its closing inventory on the cost basis by the first-in, first-out method at $508,678.93, thereby increasing by $47,109.60 the amount of net income reported from the business. In general, the method used by petitioner in arriving at the 1941 closing inventory reported by it was as follows: The merchandise, consisting of approximately 2,500 items, was *245 grouped into 39 classifications. These classifications were made on a somewhat departmental basis according to customer demand and are in general use in the chain retail grocery business. Although the number of items in each classification varied, most of them were closely related to each other. Each classification represented the grouping in which the items contained therein were customarily placed or displayed in the retail stores. A physical inventory at December 31, 1941, was made in the regular course of business of merchandise at each of the four warehouses by employees of the petitioner. Such inventories listed in columnar form the quantity of each article of merchandise on hand, contents, size or type of container, description of merchandise, cost price per unit, representing the cost per unit of the last purchase made in 1941 of such merchandise, total cost of quantity on hand at December 31, 1941, the selling price per unit, total selling price of units on hand, the cost per unit of goods of the same grade, quality and brand in the inventory at December 31, 1940, classification number, and total value of the quantity on hand at December 31, 1941, computed at the December 31, 1940 cost *246 per unit of goods of the same grade, quality and brand. Where the December 31, 1941 inventory contained an article of a grade and quality and no article of that grade and quality was contained in the December 31, 1940 inventory, the December 31, 1940 cost used for such article was the purchase price of the first article of that grade and quality purchased after December 31, 1940. The listing in the inventory of the selling price per unit and total selling price of units on hand has no effect on, and serves no purpose in, the matter controverted here, but was done for other accounting or management purposes. The cost as of December 31, 1941, and as of December 31, 1940, of all items in each classification was totaled. The aggregate value of each classification as thus ascertained was set apart as inventory value to that extent for December 31, 1941. If the aggregate value of a classification on hand at December 31, 1941, computed at December 31, 1940 cost, exceeded the value of the 1941 opening inventory for such classification, the difference was valued by increasing such December 31, 1940 cost by the aggregate per cent of the increase of cost for the classification during the year. *247 Such increase was arrived at by comparing the December 31, 1940 cost of the classification with the December 31, 1941 cost of the classification, the comparison being made on a dollar basis without regard to whether the closing inventory contained the same items as were contained in the opening inventory and without regard to whether the increase in cost was predominantly due to one or more items in the classification. The following table shows the procedure followed in computing the Lifo inventory value, as above described, of Classification 1 and which was used in the computation of the Lifo inventory value of all other classifications in which there was an increase in value of the closing inventory over the opening inventory: Classification 1 - Canned vegetables and vegetable juices Cost price as of
Life Inventory
12/31/41
12/31/40
Percentages
Value
Opening inventory
$69,084.16
100.00
Closing inventory
$95,839.97
84,852.01
* 112.95
Opening inventory
69,084.16
100.00
$69,084.16
1941 increase in inventory
$15,767.85
112.95
17,809.79
Total
$86,893.95
Where no increase *248 in inventory value occured in a classification, the amount included as the Lifo inventory value was the cost price of the merchandise at December 31, 1940 prices. The following table illustrates the procedure employed: Classification 2 - Canned Meats Cost price as of
Life Inventory
12/31/41
12/31/40
Percentages
Value
Opening inventory
$6,996.46
100.00
Closing inventory
$5,248.41
5,033.15
* 104.27
Opening inventory
5,033.15
100.00
$5,033.15
Other classifications in which there was no increase in closing inventory value as computed by petitioner over the opening inventory value were as follows: Classification Number
3
Canned sea foods
10
Dairy products, i.e., milk, malted milk, and ovaltine
11
Dry beans, peas, rice and pop-corn
12
Sugar
13
Beverages and beverage ingredients
14
Confections
15
Baby foods
20
Baking products, i.e., baking powder, cake and pre-mixtures, baking chocolates and coconut products
21
Spaghetti, macaroni and noodles
22
Fresh fruits, vegetables and nuts
24
Salt, smoked salt
34
Duck gloves and thread
35
Twine, rope and soda straws
*249 The value of the goods in the four warehouses by classifications as computed by the petitioner by the Lifo method and used in its return is as follows: Classifi-
cation
Number
Edibles
1
Canned vegetables and vegetables juices
$86,893.95
2
Canned meats
5,033.15
3
Canned sea foods
20,765.38
4
Canned fruits and fruit juices
63,051.84
5
Dried fruits
10,630.88
6
Coffee and tea
17,668.40
7
Condiments
26,786.17
8
Vegetable shortening
12,559.59
9
Processed grain products
21,510.27
10
Dairy products
3,523.46
11
Dry beans, peas, rice and pop-corn
1,518.34
12
Sugar
8,328.18
13
Beverages and beverage ingredients
3,694.94
14
Confections
3,528.86
15
Baby foods
650.80
16
Canned soups
13,231.71
17
Canned syrups
16,398.53
18
Desserts, gelatin products, powdered desserts, canned puddings,
etc.
3,643.77
19
Chinese products
94.93
20
Baking products, baking powder, cake and premixtures, etc.
4,655.03
21
Spaghetti, macaroni and noodles
1,841.49
22
Fresh fruits, vegetables, and nuts
7,680.35
23
Cured meats and cheese
2,831.41
24
Salt, smoked salt
2,025.76
$338,547.19
Non-Edibles
25
Soaps, cleansers, and laundry products
$54,676.03
26
Paper products
19,657.35
27
Insecticides and disinfectants
1,063.45
28
Shoe polishes
1,268.11
29
Household utilities
6,644.18
30
Pet foods
1,965.25
31
Hardware and paints
5,912.81
32
Drugs
15,571.73
33
Tobacco and snuff
9,937.42
34
Duck gloves, thread, etc.
1,240.87
35
Twine, rope, soda straws
353.96
36
Cello tape and bags
1,187.56
37
Razor blades, pencils, ink, and pen points
2,406.15
38
Ammunition
1,049.92
39
Axle grease
87.35
123,022.14
Total
$461,569.33
*250 It is agreed that if it be held that the petitioner's method of valuing its 1941 closing inventory was permissible, then the correct value of such inventory was $465,900.22, instead of $461,569.33, as shown above, the difference between the two amounts being due to certain clerical errors discovered subsequent to the filing of the return. It is further agreed that the 1941 closing inventory at cost was $508,678.93, as determined by the respondent. The petitioner has used no procedure for any period beginning with or during the taxable year 1941 other than that heretofore described, in inventorying its merchandise to ascertain income, profit or loss for credit purposes, or for purposes of reports to shareholders, partners or other proprietors, or to beneficiaries. Opinion By agreement of the parties herein, a substantial portion of the record in Edgar A. Basse, 10 T.C. 328 (promulgated February 19, 1948), was submitted as a part of the record in this proceeding. In the Basse case the petitioners, husband and wife, owned and operated a chain of retail grocery stores which were supplied from a central warehouse maintained by the petitioners for that purpose. Here, *251 the petitioner is a corporation which operates a wholesale grocery business and maintains four warehouses from which it supplies merchandise to its customers. In the Basse case, it was held that the petitioners were within their statutory rights in using the last-in, first-out method of taking inventory, as provided by section 22 (d) of the Internal Revenue Code. The petitioner in this instance has likewise elected to use that method of taking its inventory and has followed substantially the same procedure in arriving at the amount of its closing inventory for 1941 as was used in the Basse case with respect to warehouse goods. Under the authority of the Basse case, the position of the petitioner is sustained. See also Hutzler Brothers Co., 8 T.C. 14. In a recomputation of the deficiency, effect will be given to the stipulation of the parties that the correct value of the petitioner's 1941 closing inventory under the method used was $465,900.22. Decision will be entered under Rule 50. Footnotes
*. $95,839.97 divided by $84,852.01.↩
*. $5,248.41 divided by $5,033.15.↩